UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSÉ A. HERNÁNDEZ ANDÚJAR,<br>Calle Club Rotario #28<br>Santo Domingo Este<br>Distrito Nacional<br>Dominican Republic<br><br>          Plaintiff,<br><br>- against -<br><br>U.S. DEPARTMENT OF JUSTICE,<br>600 E Street, N.W., Suite 7300<br>Washington, D.C. 20530-0001<br><br>          Defendant. | **COMPLAINT** |

1.     Plaintiff José A. Hernández Andújar ("Plaintiff"), by his attorneys Pryor Cashman LLP, brings the within action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 for injunctive and other appropriate relief and for the disclosure and release of agency records improperly withheld from Plaintiff by defendant Department of Justice ("DOJ") and its components the U.S. Drug Enforcement Agency ("DEA") and the Executive Office for United States Attorneys (the "EOUSA").

**JURISDICTION AND VENUE**

2.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.     Plaintiff is a citizen of the Dominican Republic currently residing in Santo Domingo, DN.

4.      The DEA and EOUSA are units of the DOJ.  The DOJ is a department of the Executive Branch of the United States Government.  The DOJ is an agency within the meaning of 5 U.S.C. § 552(f).

## **FACTUAL ALLEGATIONS**

The DEA Request

5.      On or about January 21, 2013, Plaintiff sent a FOIA request to the DEA requesting access to "any files the U.S. Drug Enforcement Administration may have that include my name, and specifically surround currency seizure actions in 1991, 1995 and 2000."

6.      On or about February 6, 2013, the DEA sent Plaintiff's counsel a letter stating, *inter alia*, that, "[y]our request was opened" and assigned a Case Number.  This letter further requested "an original notarized authorization from [Plaintiff]."  Plaintiff provided the requested notarized authorization form on or about February 25, 2013.

7.      On or about March 5, 2013, the DEA sent Plaintiff's counsel a letter stating, *inter alia*, that the DEA was in receipt of Plaintiff's correspondence of February 25, 2013.  The letter further advised Plaintiff that "unusual circumstances" applied to his request, and that "[t]his notice of unusual circumstances extends the time for DEA to make a determination on your request an additional ten working days, for a total of 30 working days from the date of your request."  The letter continued to state that, "based on the processing of your request on a first-in, first-out basis, and the current substantial backlog of requests for DEA records, we do not expect a determination to be made on your request within the 30 working days."

8.      On or about April 18, 2013 the DEA sent Plaintiff's counsel a letter stating, *inter alia*, that, "[a]s a result of our search, we identified nine (9) DEA investigative files pertaining to your client.  Be advised that out of those nine (9) files only one (1) was processed under this

FOI/PA case number. Information regarding the remaining eight (8) files will be addressed below.… Our records show the subject of the request to be mentioned in eight (8) files. You will be responsible for the search fee for the remaining seven (7) files, four hours per file, $28.00 an hour, for an approximate total of $896.00. **It is required that you agree to pay all remaining fees incurred when your request is completed. Even upon receipt of all processing fees, the Drug Enforcement Administration (DEA) cannot guarantee that any documents will be made available to you under the Freedom of Information/Privacy Act (FOI/PA)**" [emphasis in original]. This letter contained an enclosure of thirty-five pages retrieved from DEA records. Plaintiff sent a check to the DEA in the amount of $896.00 on or about May 22, 2013.

      9.      On or about June 11, 2013, the DEA sent Plaintiff's counsel a letter acknowledging receipt of the requested payment of $896.00, and containing similar language regarding "unusual circumstances" and a "backlog of requests" as in the March 5, 2013 letter.

      10.      Plaintiff's counsel received no further correspondence from the DEA until on or about September 3, 2013, when the DEA sent Plaintiff another letter further acknowledging the earlier receipt of payment, and stating, *inter alia*, that Plaintiff's request "has been placed in chronological order based on date of receipt and it will be handled as expeditiously as possible."

      11.      On or about October 29, 2013, the DEA sent Plaintiff's counsel a letter stating, *inter alia*, that "[a]fter reviewing your request as constituted we conducted a preliminary query for responsive records pertaining to your client" and that "[a]s a result of our query, the enclosure represents the first partial release of the DEA related files identified in the [Investigative Reporting and Filing System]." This letter contained an enclosure of only three pages retrieved from a DEA Report of Investigation.

12. Plaintiff has not received any additional documents from the remaining responsive files identified by the DEA on April 18, 2013.

13. Aside from written correspondence, Plaintiff's counsel has contacted the DEA by telephone approximately twelve times during the last six months to follow up on Plaintiff's FOIA request. During those calls, the DEA refused to provide Plaintiff with any timeframe within which Plaintiff can expect to receive the remaining files.

14. On August 24, 2013, Plaintiff's counsel engaged the assistance of the Office of Government Information Services ("OGIS") Ombudsman's Office to review the status of the DEA FOIA request. The representative from the OGIS Ombudsman's Office assigned to the case reported further inquiry with the DEA but was unable to secure any timeframe within which Plaintiff can expect to receive the remaining files.

15. Plaintiff has exhausted the applicable administrative remedies with respect to his FOIA request to the DEA.

16. The DEA has wrongfully withheld the requested records from Plaintiff.

<u>The EOUSA Request</u>

17. On or about January 21, 2013, Plaintiff sent a request to the EOUSA seeking "any files the U.S. Department of Justice, Executive Office for United States Attorneys may have that include my name or the names any of my companies, and specifically surround currency seizure actions in 1995 and 2000." The request further included the case numbers for two currency seizure actions from 1995 and 2000, and a list of the names of Plaintiff's companies.

18. On or about March 5, 2013, the EOUSA sent Plaintiff a form requesting "a notarized example of [his] signature or a certification of identity under penalty of perjury." Such certification of identity was provided to EOUSA by Plaintiff on or about March 21, 2013.

4

19.     On or about April 22, 2013, the EOUSA informed Plaintiff by letter that it had "received [Plaintiff's] Freedom of Information Act/Privacy Act (FOIA/PA) request," which had been assigned a Request Number, and stated that "[i]f we need additional information, we will contact you within two weeks. EOUSA did not contact Plaintiff to request any additional information.

20.     The EOUSA's April 22, 2013 letter stated that EOUSA makes every effort to process most requests within one month. Since receiving that letter, Plaintiff has received no written correspondence from the EOUSA, and has not received any files or documents from the EOUSA responsive to Plaintiff's FOIA request.

21.     Plaintiff's counsel has contacted the EOUSA by telephone approximately eight to ten times during the last six months to follow up on Plaintiff's FOIA request, but has received no material information from EOUSA regarding the processing or expected production of information responsive to Plaintiff's request.

22.     On August 24, 2013, Plaintiff's counsel engaged the assistance of the OGIS Ombudsman's Office to review the status of the EOUSA FOIA request. The representative from the OGIS Ombudsman's Office assigned to the case reported further inquiry with the EOUSA but was unable to secure any timeframe within which Plaintiff can expect to receive any requested files.

23.     Plaintiff has exhausted his applicable administrative remedies with respect to his FOIA request to the EOUSA.

24.     The EOUSA has wrongfully withheld the requested records from Plaintiff.

## FIRST CLAIM FOR RELIEF

**(Mandatory Injunction for Violation of FOIA For Failure to Conduct an Adequate Search and for Wrongful Withholding Of Agency Records)**

25. Plaintiff repeats and realleges the allegations in paragraphs 1 through 24 as if fully set forth herein.

26. Pursuant to 5 U.S.C. § 552(a)(3)(A), the DEA and the EOUSA are required to provide records, files, or documents responsive to Plaintiff's FOIA requests except where disclosure is exempted by statute or regulation.

27. The DEA and EOUSA have failed to adequately search for records, have wrongfully withheld records requested by Plaintiffs under FOIA, and have not complied with the statutory timeline for the processing of FOIA requests.

28. Pursuant to 5 U.S.C. § 552(a)(4)(B), because the DEA and the EOUSA have failed to meet their obligations under FOIA, Plaintiff is entitled to an injunction to enforce his rights under the statute and, in particular, to require the DEA and EOUSA to comply with their obligations under FOIA.

29. Plaintiff lacks an adequate remedy at law.

30. By reason of the defendants' conduct as alleged above, plaintiff is entitled to expedited consideration of this complaint pursuant to 28 U.S.C. 1657(a).

WHEREFORE, Plaintiff respectfully requests that that the Court:

a) enter an injunction enjoining the DOJ, and its units DEA and EOUSA, from withholding the records requested by Plaintiff, and ordering them immediately to produce the records to Plaintiff in their entirety;

b) expedite this action pursuant to 28 U.S.C. 1657(a);

  c)  award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided, *inter alia*, in 5 U.S.C. § 552(a)(4)(E); and

  d)  grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 27, 2013

            PRYOR CASHMAN LLP

            By: */s/ Richard Levy, Jr.*
              Richard Levy, Jr.[1]
              Benjamin K. Semel (application for *pro hac vice* admission to be presented)
            7 Times Square
            New York, New York 10036
            (212) 421-4100

            *Attorneys for Plaintiff*

---

[1] A member of the bar of this Court admitted to practice pursuant to Local Civil Rule 82(a)(2), as a member in good standing of the bar of the State of New York (No. 1969756), in which he maintains his principal law office, and the bar of the United States District Court for the Northern District of New York (No. 509926) which offers reciprocal admission to members of the bar of this Court.